**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| MICHAEL A. WINTERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:21-cv-00116-HEA |
| | ) |
| TOMMY GREENWELL, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on review of plaintiff Michael A. Winters's amended complaint pursuant to 28 U.S.C. § 1915. Based on that review, the Court has determined that plaintiff's amended complaint is deficient and subject to dismissal. However, plaintiff will be given an opportunity to file a second amended complaint according to the instructions set forth in this order.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff is a self-represented litigant who is currently incarcerated at the Farmington Correctional Center in Farmington, Missouri. On August 16, 2021, he filed a civil action pursuant to 42 U.S.C. § 1983, alleging various constitutional violations while he was an inmate at the Pemiscot County Jail in Caruthersville. (Docket No. 1). In the complaint, plaintiff named Sheriff Tommy Greenwell, Assistant Jail Administrator Torrence Akins, Nurse Kristy Tate, Prosecutor Jeremy Lytle, Public Defender Edwin Ketcham, and Prosecutor Josh Tomlin as defendants. He

did not indicate the capacity in which Prosecutor Tomlin was sued. All other defendants were sued in their official capacities only. The complaint contained a number of different allegations regarding incidents that occurred between 2016 and 2021.

Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2). On January 12, 2022, the Court granted the motion and assessed an initial partial filing fee. (Docket No. 6). Because plaintiff was proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that plaintiff's complaint was subject to dismissal. First, defendants were sued in their official capacities only, but plaintiff had failed to state an official capacity claim. Second, the Court noted that plaintiff had improperly joined numerous claims into a single lawsuit, asserting allegations over the course of five different years, with different operative facts.

Instead of dismissing the complaint, the Court gave plaintiff the opportunity to file an amended complaint, and included instructions on how to do so. On January 31, 2022, the Court received plaintiff's amended complaint. (Docket No. 7).

**The Amended Complaint**

Plaintiff's amended complaint is brought pursuant to 42 U.S.C. § 1983, and names Sheriff Tommy Greenwell, Jail Administrator Torrence Akins, Nurse Kristy Tate, and Prosecutor Jeremy Lytle as defendants. (Docket No. 7 at 2, 4, 6). All defendants are sued in both their official and individual capacities. Plaintiff's allegations encompass various conditions of confinement at the Pemiscot County Jail from May 2020 to May 2021.

With regard to Jail Administrator Akins, plaintiff states that Akins ignored grievances, failed to separate him from violent offenders who "attacked and [assaulted]" him, put him into prolonged lockdowns, used mace and a taser on him "on many [occasions]," used his "influence"

3

on other offenders to have them assault and beat him, and failed to place him into protective custody. (Docket No. 7 at 3). During his year at the Pemiscot County Jail, he asserts that he was assaulted ten times, receiving injuries including black eyes, a swollen face, and having his "teeth knocked out." According to plaintiff, Akins also told Nurse Tate "not to provide medical attention." (Docket No. 7 at 8).

As to Nurse Tate, plaintiff states that he wrote grievances to Tate "complaining about high [cholesterol] and high blood sugar, mental health, [and] injuries sustained by assaults by other inmates." (Docket No. 7 at 3). He claims that "[e]ach and every day [he] would ask for medication, or to see a doctor." Nevertheless, plaintiff states that Nurse Tate "never did anything to help ensure that" he received medical or mental health treatment, or "even help for tooth pain" and injuries he sustained from other inmates. He further accuses Nurse Tate of denying the medication he took in prison, and of keeping him from receiving insulin, "mental health meds," and cholesterol medications. (Docket No. 7 at 7).

Concerning Sheriff Greenwell, plaintiff states that under Greenwell's "watch at the Pemiscot County Jail," he was aware that plaintiff "was being abused, [assaulted] and denied medical treatment at the jail." (Docket No. 1 at 4). He asserts that Sheriff Greenwell failed "to adhere to standard operating procedure and failed as a public servant of Pemiscot County Jail policy." Despite writing grievances and having "family and friends call him," Sheriff Greenwell allegedly "never did anything."

With respect to Prosecutor Lytle, plaintiff states that he "wrote many letters" to Lytle "asking him to either bring [his] case before court or let [him] get a bail bond." (Docket No. 7 at 6). He asserts that Prosecutor Lytle failed to timely prosecute his case, and failed to prosecute the inmates who knocked out his front teeth.

4

Plaintiff further states that "Pemiscot County officials and municipal agents knew about what was going on behind close[d] doors at the jail." (Docket No. 7 at 7). He asserts that these unidentified individuals "deliberately turned a blind eye to complaints from the community and letters from family and inmates themselves." Plaintiff refers to an audit conducted "in 2019 or 2020" that "gave Pemiscot County a fair grade, and advised the sheriff, the clerk, the prosecutor and other agents of the county to upgrade or to change the way they were doing things," though he does not specify what that means.

As a result of these incidents, plaintiff states that he was denied medications, denied medical treatment, that excessive force was used against him, that his civil rights were purposely violated, that he was denied protective custody, and that his case was not timely prosecuted. (Docket No. 7 at 7-8). He seeks $2 million in actual damages and $2 million in punitive damages. (Docket No. 7 at 9).

**Discussion**

Plaintiff's amended complaint is brought pursuant to 42 U.S.C. § 1983, and alleges a variety of different constitutional violations by different defendants over the course of a year in the Pemiscot County Jail. Because plaintiff is proceeding in forma pauperis, the Court has reviewed his amended complaint under 28 U.S.C. § 1915. Based on that review, the Court has determined that the amended complaint is still deficient and subject to dismissal. However, the Court will give plaintiff another opportunity to cure these defects by filing a second amended complaint.

A. **Deficiencies in Amended Complaint**

Plaintiff's amended complaint is deficient and subject to dismissal for three reasons. First, he has not sufficiently alleged official capacity claims against any of the defendants. In an official

capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

In this case, Sheriff Greenwell, Jail Administrator Akins, and Prosecutor Lytle are alleged to be employed by Pemiscot County. Thus, the official capacity claims against them are claims against the county itself, their employer. However, plaintiff has not demonstrated the liability of Pemiscot County by demonstrating that he was harmed due to an unconstitutional policy, custom, or failure to train. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (explaining that municipal liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise").

With regard to Nurse Tate, she is alleged to be employed by Corizon. To state an official capacity claim against Corizon, plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *See Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). He has not done this.

Second, plaintiff's individual capacity claims are deficient. Individual liability under 42 U.S.C. § 1983 requires a plaintiff to demonstrate "a causal link to, and direct responsibility for, the deprivation of rights." *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006). Plaintiff has not done this. Instead, for each defendant, he simply asserts a laundry list of causes of action, without any supporting facts to show that his constitutional rights were violated. For example, with regard to Jail Administrator Akins, plaintiff states that Akins used a mace and taser on him, but never provides any context for these actions. That is, he provides no facts as to when this occurred

or why this occurred, making it impossible for the Court to know whether Akins was using force as punishment, or whether he was using force for some legitimate reason, such as to maintain discipline. Similarly, with regard to Nurse Tate, he alleges that he did not receive certain medications, but never states what the medications were for, and why he needed them. In short, plaintiff's allegations are comprised almost entirely of conclusions or unsupported statements. The Court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *See Glick v. Western Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

Finally, plaintiff has once again improperly joined claims that do not arise out of the same transaction or occurrence. Rule 20 of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Under this rule, a plaintiff cannot join, in a single lawsuit, a multitude of claims against different defendants that are related to events arising out of different occurrences or transactions. In other words: "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits . . . [in part] to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.*

In its prior order, the Court specifically advised plaintiff that his claims must be related to each other. Instead of following this directive, plaintiff's amended complaint contains an entire year's worth of accusations, encompassing unrelated causes of action. For instance, he accuses Jail

7

Administrator Akins of excessive force and failure to protect, while alleging that Nurse Tate failed to provide certain medications and did not properly respond to his request for dental care. The Federal Rules of Civil Procedure do not allow plaintiff to simply bring every claim he has in a single amended complaint.

Because plaintiff is a self-represented litigant, the Court will once again give him the opportunity to cure these deficiencies by filing a second amended complaint according to the instructions set forth below. Plaintiff should read these instructions carefully. He **must** follow these instructions in preparing his second amended complaint.

### B. Amendment Instructions

Plaintiff should type or print his second amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the second amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed.

In the section of the complaint for listing the parties plaintiff should, to the best of his abilities, provide the information that is requested, such as employer and address. Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

**Plaintiff should fill out the complaint form in its entirety, and ensure that it is signed**.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

As noted above, plaintiff's amended complaint contains numerous unrelated claims. By way of example, he has accused one defendant of excessive force and failure to protect, and another defendant of failing to give him certain medications and healthcare. All told, plaintiff's amended complaint encompasses an entire year, asserting numerous different incidents occurring at different times. **The second amended complaint should only include claims that arise out of the same transaction or occurrence**. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). If plaintiff insists on suing multiple defendants, the claims against the defendants must be related. For instance, plaintiff **cannot** sue Jail Administrator Akins for excessive force and failure to protect, while also suing Nurse Tate for failing to give him his medications, unless plaintiff clearly shows that those claims have some relation to each other. **If plaintiff has unrelated claims, he must file them in a separate lawsuit**.

Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). For example, if plaintiff wishes to sue Jail Administrator Akins alone, he may set forth as many claims as he has against him.

In structuring his second amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant.

9

If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights").

The Court notes that plaintiff's allegations against the defendants in the amended complaint consist mainly of labels and conclusions, which is not sufficient. *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do"). For example, with regard to Jail Administrator Akins, plaintiff merely lists all the things that Akins has allegedly done to him, without providing any factual support. Plaintiff needs to provide **facts** to support the cause of action that he is asserting. If he is accusing Akins of excessive force, for instance, he must explain when the event occurred, and what exactly happened, in order to demonstrate that a violation of his constitutional rights occurred.

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of a second amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the second amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file a second amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file a second amended complaint on the Court-provided form in accordance with the instructions set forth above within **thirty (30) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this  2nd day of  February, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE