UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL A. WINTERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21CV116 HEA |
| ) | |
| TOMMY GREENWELL, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motions for Appointment of Counsel [Doc. Nos. 17 and 18]. The motions will be denied, without prejudice at this time.

There is no constitutional or statutory right to the appointment of counsel in a civil case. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794-795 (8th Cir. 2006). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id.* at 794, citing *Edgington v. Missouri Dep't of Corr.,* 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds, Doe v. Cassel,* 403 F.3d 986, 989 (8th Cir. 2005). In considering a motion to appoint counsel for an indigent plaintiff, the Court should

"determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).

Plaintiff seeks damages for Defendants' alleged deprivation of his civil rights. The Second Amended Complaint sets forth the facts upon which this claim is based, and Plaintiff has set forth the grounds upon which he claims relief. This case does not appear to be so complex at this stage that Plaintiff is unable to pursue this action without the assistance of counsel. Having considered the factual complexity of the case, the basis upon which Plaintiff's claims rest, the ability of Plaintiff to present his claim, and the complexity of the legal issues involved in this case, *see Johnson v. Williams*, 788 F.2d 1319, 1323 (8th Cir. 1986), the Court concludes that appointment of counsel is not warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Appointment of Counsel [Doc. Nos. 17 and 18] are denied without prejudice.

Dated this 28th day of October, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE