UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL A. WINTERS,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | Case No. 1:21CV116 HEA |
| ) | |
| TOMMY GREENWELL, et al.,    ) | |
| ) | |
| Defendants.    ) | |

## OPINION, MEMORANDUM AND ORDER

Plaintiff filed this lawsuit, pursuant to 42 U.S.C. § 1983, seeking relief for constitutional violations. Plaintiff says that while he was a pretrial detainee in the Pemiscot County Jail, Defendant Akins failed to protect him from being attacked by other prisoners and used excessive force against him.

Defendant has filed a Motion for Summary Judgment arguing he is entitled to dismissal of all claims. Plaintiff has filed a Response.  Defendant thereafter filed a Reply. For the following reasons, the Motion for Summary Judgment is denied.

### Facts and Background

Plaintiff's remaining claim is against Pemiscot County Jail Administrator Defendant Torrence Akins pursuant to 42 U.S.C. § 1983. Plaintiff asserts claims of

excessive force and failure to protect while he was a pre-trial detainee in Pemiscot County Jail.  Plaintiff alleges that on July 24, 2020, Jail Administrator Akins deployed mace and a taser against him, through the tray hole of his cell. He asserts that the mace got in his mouth, so that he could not breathe. Immediately afterward, Akins tased him, which caused plaintiff to fall and "hit [his] head on the rail." Plaintiff further alleges that earlier that day, Akins had cursed at him and threatened him, and that Akins was upset with him because of his grievances. He states that Akins targeted him because he "demanded [his] rights and due process."

Plaintiff further states Jail Administrator Akins moved him out of the "Federal Pod" at the Pemiscot County Jail and sent him to the D-Pod, which plaintiff refers to as the "Murder Pod," because it housed violent offenders. He asserts that in D-Pod he was on lockdown status, meaning his cell door would only be opened for an hour a day, at midnight. Because he had been labeled a snitch, plaintiff states that the other inmates in the pod "hated" him and would throw "water, excrement, urine, and other things through [his] tray hole." He asserts that he would "bang on [the] door or flood [his] cell to get a jailer," though no one would come. Plaintiff claims he "repeatedly" asked for protective custody. Instead, Akins "moved [him] and all the other inmates to C-Pod," where he "was attacked" and had his "front teeth, and a few other[s]...knocked out." Eventually, after complaining to the night shift supervisor, he was "moved back to the federal

2

holding pod." However, plaintiff states that when Akins found out, he had plaintiff moved back to D-Pod, where he was assaulted and harassed. In December 2020, he claims that an assault resulted in bruises and a black eye.

As a result of these incidents, plaintiff claims Akins used excessive force and failed to protect him from the attacks. He states that he suffered "mental and emotional anguish, head trauma, [and had his] front teeth knocked out." Defendant moves for summary judgment on Plaintiff's claims.

## Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the Court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park*

*Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of W. Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

    The record before the Court establishes that the facts are hotly contested. Both Plaintiff and Defendant have submitted affidavits averring to the events that are the subject of this suit. Each aspect of the events is disputed by the parties. While Plaintiff avers he was in D Pod for several months prior to July 24, 2023, Defendant avers Plaintiff was not and that he was moved there because he was being disruptive in the holding cells. While some documentation in the record shows slight variations in the parties' claims regarding the facts, these variations are based on reports submitted by jail personnel and do not specifically controvert Plaintiff's affidavit.

**Qualified Immunity**

Defendant argues he is entitled to qualified immunity from the failure to protect and excessive force claims raised against him. Qualified immunity protects government officials from § 1983 liability for damages if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019); *Irvin v. Richardson*, 20 F.4th 1199, 1204 (8th Cir. 2021). Whether qualified immunity applies to the case at hand is a question of law, not fact, for the Court to decide. *Kelsay v. Ernest*, 933 F.3d 975, 981 (8th Cir. 2019). Defendant is entitled to qualified immunity if: (1) the evidence, viewed in the light most favorable to Plaintiff, does not establish a violation of a constitutional right; or (2) the constitutional right was not clearly established at the time of the alleged violation, such that a reasonable official would not have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *MacKintrush v. Pulaski Cty. Sheriff's Dep't*, 987 F.3d 767, 770 (8th Cir. 2021). Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first." *Pearson* 555 U.S. at 236; *Mogard v. City of Milbank*, 932 F.3d 1184, 1188 (8th Cir. 2019).

**Failure to Protect Claim**

5

Because the parties agree Plaintiff was a pretrial detainee, his failure to protect claim falls under the Fourteenth Amendment. *Perry v. Adams*, 993 F.3d 584, 587 (8th Cir. 2021). Nevertheless, the Eighth Circuit has applied the same standard to failure to protect claims raised by pretrial detainees under the Fourteenth Amendment as those raised by convicted prisoners under the Eighth Amendment. *Id.*

A "constitutional claim does not lie every time one inmate attacks another." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018). Thus, to defeat qualified immunity and proceed to trial on his failure to protect claim, there must be evidence that: (1) objectively, there was a substantial risk harm to Plaintiff; and (2) subjectively, Defendants knew of and deliberately disregarded that substantial risk of serious harm. *See Id.; Blair v. Bowersox*, 929 F.3d 981, 987 (8th Cir. 2019). As to the second element, deliberate indifference is a high standard that requires more than negligence or even gross negligence. *Doe v. Flaherty*, 623 F.3d 577, 584 (8th Cir. 2010). Instead, it requires "proof of a reckless disregard of the known risk." *Scott v. Baldwin*, 720 F.3d 1034, 1036 (8th Cir. 2013).

In his Amended Complaint, Plaintiff claims he was housed with violent offenders where he was assaulted by other inmates.  He further claims he repeatedly asked to be placed in protective custody, but his requests were ignored. He asserts Defendant was aware of his grievances and requests but refused to act

6

and did nothing to protect Plaintiff. *See Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998) (deliberate indifference is a "callous disregard or reckless indifference in responding to the risk"). The conflicting affidavits defeat Defendant's claims regarding his knowledge.

Failure to protect law was clearly established prior to the April 2020 fight. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833.

Accordingly, the Court concludes Defendant is not entitled to qualified immunity on this failure to protect claim.

**Excessive Force Claim**

Unlike a failure to protect claim, an excessive force claim raised by a pretrial detainee under the Fourteenth Amendment uses a different legal standard than the same claim raised by a convicted prisoner under the Eighth Amendment. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). Specifically, to prevail on an excessive force claim, a pretrial detainee "must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396-97. Unlike a failure to protect claim, the defendant's state of mind is not a matter a plaintiff must prove. *Id.* And, objective reasonableness turns on the "facts and circumstances of

7

each particular case." *Id.* at 397. When determining whether the use of force was objectively reasonable, the fact finder may consider the relationship between the need for the use of force and the amount of force used, the extent of the plaintiff's injury, any effort made by the officer to temper or limit the amount of force, the severity of the security problem at issue, the threat reasonably perceived by the officer, and whether the plaintiff was actively resisting. *Id.*; *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017).

Defendant argues he is entitled to summary judgment based on his version of events, *i.e.*, that he maced and tased Plaintiff after he failed to obey several orders to stop flooding his cell and face the wall. But, as mentioned *supra* at the summary judgment stage the Court must construe the evidence in the light most favorable to Plaintiff. And Plaintiff says in his affidavit that he was not disobeying orders. Those facts, if found to be true by a jury, would support a finding that Defendant's use of force was objectively unreasonable.

## Conclusion

Based upon the foregoing analysis, the record before the Court contains numerous disputes as to the material facts surrounding Plaintiff's claims such that summary judgment is not proper.

Accordingly,

8

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss, [Doc. No. 21], is Denied.

Dated this 13th day of September, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE